UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICHOLAS A. RUGGIERO, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:12-cv-499 (VLB) |
| MOBIL CRISIS TEAM, DR. MAZZACOTTO, | : | |
| DR. MAHALINGAIAH, ANGIE NUNEZ, HOWARD | : | |
| REID, KAREN A. BARNA, STATE OF | : | |
| CONNECTICUT DEPARTMENT OF SOCIAL | : | |
| SERVICES, T. LATIFI, | : | |
| L. WOMACK, MR. MCKEON (Supervisor, Dep't | : | |
| Social Services), JANE DOE (STATE | : | |
| PICTURE LADY), PAT TUCKEY, PATRICIA A. | : | |
| REHMER (Commissioner, State of Connecticut | : | |
| Department of Mental Health and Addiction | : | |
| Services), SCOTT FONTAINE, DEBBIE FONTAINE, | : | |
| JOHN DOE (Maintenance Man, G+B Prop. L.L.C.), | : | |
| LAUREN MACPHAIL (Connecticut Legal Rights | : | |
| Project), JOHN DOE (LEAK HALL/ | : | |
| CASEWORKER), CARLA RAE RODRIGUEZ | : | |
| (MONEY MANAGER), CHRIS STANTON | : | |
| (CASEWORKER), BRIAN REIGNIER (CLIENT | : | |
| RIGHTS OFFICER), UNITED STATES SOCIAL | : | |
| SECURITY ADMINISTRATION, MIDDLETOWN | : | |
| MAYOR'S OFFICE, MIDDLETOWN POLICE | : | |
| DEPARTMENT, TOWN OF WETHERSFIELD, | : | |
| OPEN HEARTH MISSION, CAPITOL REGION | : | |
| MENTAL HEALTH, | : | |
| Defendants. | : | October 11, 2012 |

ORDER DENYING MOTION TO AMEND COMPLAINT [Dkt. 16] AND DISMISSING
CASE FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 8

Background

Plaintiff Nicholas Ruggiero ("Ruggiero") filed his original pro se, 332 page

complaint with this Court on March 30, 2012, naming twenty-two defendants in

both their individual and official capacities and stemming from mental health

treatment provided to him by the State of Connecticut over the course of many years.  Ruggiero alleged in this rambling and at times incoherent complaint violations of Conn. Gen. Stat. § 17a-540 et seq., the Americans with Disabilities Act and the federal Constitution, violations of due process, of his right to privacy, to confidentiality and to maintain property, as well as allegations of ineffective assistance of counsel, denial of social security benefits, libel, defamation, torture, forced medication, denial of medical care, medical malpractice, and attempted murder.  [Dkt. 1, Complaint at pp. 35, 40, 44-46, 47, 54-57, etc.]

Ruggiero submitted an Amended Complaint on April 24, 2012, comprising 219 pages, adding six defendants, and purporting to add claims under the Federal Tort Claims Act, the Civil Rights of Institutionalized Persons Act, the federal Rehabilitation Act, the Fourth and Eleventh Amendments to the Constitution, claims for conspiracy and "job discrimination or exclusion based on disability," interception of mail, breaking and entering, trespass, and violations of equal protection, the terms of the "R.V.S. Money Management Program," Conn. Gen. Stats. §§ 17a-688, 52-146F, 17a-500, and 17a-688, and claims under 42 U.S.C. §§ 1981, 1982, 1985, and 1986, among many others.  [Dkt. 6, Amended Complaint, pp. 1-126, 138-144, Dkt. 6-1 at 38-60, 62-75]  In addition to the pages upon pages of facts and narrative regarding his claims, Ruggiero asserts that the facts supporting these allegations are "stated in 2009 complaint 2010 complaint 2011 complaint 2012 complaint."  [Dkt. 6, Amended Complaint at 127]  Furthermore, Ruggiero adds a 23 page, mostly incoherent narrative of the history of eugenics and, it appears, forced sterilization.  [Dkt. 6-1 at 15-38]

2

Plaintiff also attaches to his Amended Complaint various random documents, including a state of Connecticut Judicial Department Application for Issuance of Subpoena against Angie Nunez (with a large "X" through the seemingly ungranted application) [Dkt. 6 at 132], various pieces of paperwork from the State of Connecticut Superior Court Centralized Small Claims division addressed to Ruggiero regarding cases brought by Ruggiero against defendants (none of whom appears in the present action or is mentioned in either complaint) [Dkt. 6 at 133, 137], a brochure allegedly written by a professor emeritus of psychiatry entitled "Psychiatry is probably the single most destructive force that has affected society within the last sixty years" and advising the reader to order a DVD chronicling the "destruction wrought by psychiatrists upon every sector of our society" [Dkt. 6 at 134-136], and a medical bill [Dkt. 6-1 at 61].

Notably, none of the content of the Amended Complaint is duplicative of that contained in the original Complaint.  As such, this Amended Complaint does not *amend* Ruggiero's original complaint, but rather *adds* to it, thus rendering the complaint a total 551 pages if both submissions are read together.

Ruggiero submitted a Second Amended Complaint on May 14, 2012, comprising 127 pages of supplemental material not contained in his original or Amended complaints, seemingly beginning where the Amended Complaint left off at "Claim #9," and additionally adding to Plaintiff's litany of charges claims for assault and battery and failure of defendants to take action to curb the physical abuse of the Plaintiff.  [Dkt. 11, Second Amended Complaint; see also p. 124-27] Thus, the addition of this Second Amended Complaint brings to 678 the total

3

page count comprising Plaintiff's claims.  Aside from its sheer volume, this Second Amended Complaint is peppered with incoherent ramblings and materials whose relevance the Court cannot discern, including narratives about Ruggiero's disputes with his landlords and neighbors, none of whom are defendants in this action or played a part in Ruggiero's healthcare [see Dkt. 11 at 48-55; 96-99], various unexplained medical records [see Dkt. 11 at 68-70], details of Ruggiero's moves into and out of his apartment [Dkt. 11 at 86-89], and conversations he had with various defendants unrelated to his healthcare ("Chris Stanton complains to me and patient Mat how Nunez scared him blowing air horn, play's with bongie blocks, and dances with her dance machine, pull it, twist it, shake it, ect." [sic]) [Dkt. 11 at 112].

Finally, on July 31, 2012 Ruggiero submitted a motion to amend his Amended Complaint, asserting that he had learned the names of several of the unnamed defendants (the Jane Doe/State Picture Lady and Mark the Maintenance Man, although Mark's surname remains to be determined), that he had forgotten to reference the Open Hearth Mission in his prior complaints, and requesting to add Gilead Community Services, "James Noe/Handyman," the Department of Mental Health and Addiction Services, and "John Doe/Beety Eyes" [sic] as defendants in this action (additionally requesting that the Court issue subpoenas for several of these proposed defendants).  [Dkt. 16]  Ruggiero's proposed third amended complaint – spanning a voluminous 678 pages – is largely incoherent, rambling, and littered with irrelevant, irrational and extraneous material.  For example, Plaintiff has included a printout of an internet webpage from

4

http://harryjamesband.com entitled "The Harry James Orchestra, presented by Regal Artists Corporation, The Life of Harry James." [Dkt. 16-1 at 18] He has also inexplicably included in his facts section (before a recitation of any facts), for example, a summary playbill for a documentary entitled "The Marketing of Madness: Are We All Insane?" [Dkt. 16-2, pp. 89-103], various unexplained medical bills and records [Dkt. 16-2, pp. 107-122, 118, 120; *see also* Dkts. 16-3, 16-4], various Connecticut Superior Court Centralized Small Claims documents relating to parties who are not defendants in this action [Dkt. 16-2, pp. 114-115], bills and receipts of payment from telephone service provider AT&T [Dkt. 16-2, p. 116, 117, 121], and a narrative history of eugenics (as seen in his prior filings) [Dkt. 16-3, pp. 6-10].

Further, Ruggiero has improperly included more than 70 pages of financial paperwork related to his already-granted motion to proceed in forma pauperis (including a multitude of probate documents), as well as bank account information the purpose of which this Court is unable to discern. [Dkt. 16-1 at 25-97; Dkt. 16-5 at 1-10, 38]

Crucially, this proposed amended complaint is not a fully amended document. Rather, Ruggiero includes in this document directions as to which portions of his prior documents he would like to change, and apparently assumes that the Court or the defendants will make these changes to his three previously filed complaints themselves and will integrate them into a final document. For instance, Ruggiero directs in his document that "Second Paragraph of B. Jurisdiction is amended to: 2. The Court has supplemental jurisdiction over the

plaintiff's state law tort claims under 28 U.S.C. S 1367." [Dkt. 16-2, p. 11] Plaintiff

then in the next page reiterates the amended portion of this section and, in

handwritten notation, states "Second paragraph of B. Jurisdiction amended as

such." [Dkt. 16-2, p. 12] In the 26 pages that follow, Plaintiff includes dozens of

different paragraphs entitled B. JURISDICTION. [Dkt. 16-2, pp. 13-39] A

jurisdiction section is also included several hundred pages later. [Dkt. 16-5, p.15]

Plaintiff employs the same method for various other portions of his prior

complaints that he wishes to amend. Nowhere does Plaintiff state which of the

three prior documents these changes amend. Further, Plaintiff adds what appear

to be the same titled sections multiple times in the proposed amended complaint,

further confusing the Court. This renders the proposed amended complaint

entirely unintelligible. In order to glean a final complaint from these four filings,

the Court would be forced to review in meticulous detail each of Plaintiff's

changes in his proposed amended complaint line by line, pore through each of

Plaintiff's prior complaint documents (comprising 678 pages) to determine which

paragraphs and lines are to be amended, figure out which paragraphs and

sections of the prior documents are to remain untouched, and splice this

information – much of which is handwritten – together to create a cohesive

document.

## Discussion

Fed. R. Civ. P. 8(a) provides that "[a] pleading that states a claim for relief

must contain," among other things, "a short and plain statement of the claim

showing that the pleader is entitled to relief." This short and plain statement

must be "sufficient to give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Jones v. Nat'l Commc'ns. And Surveillance Networks*, 266 Fed. Appx. 31, 32 (2d Cir. Feb. 21, 2008) (internal citations and quotation marks omitted).  "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  "The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Proc. § 1281, at 365 (1969)). *See also Jones*, 266 Fed. Appx. at 32 (quoting same).  Although "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." *Salahuddin*, 861 F.2d at 42.  *See also Shomo v. State of New York*, 374 Fed. Appx. 180, 182 (2d Cir. Apr. 22, 2010) ("a court has the power to dismiss a complaint that is 'prolix' or has a 'surfeit of detail'"); *Jones*, 266 Fed. Appx. at 33 (failure to comply with Rule 8 "is a sufficient basis for [a] district court's dismissal of [a] complaint.").

As Plaintiff is proceeding pro se, the Court must liberally construe Plaintiff's submissions.  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) ("This policy of liberally construing pro se submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training") (internal quotation marks and citation omitted).  "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and quotation omitted).

Even reading Plaintiff's pro se submissions liberally, Ruggiero's four attempts to craft a complaint must be dismissed for failure to comply with Rule 8.  Taken together, Ruggiero's first three submissions total almost 700 pages, as does his final proposed amended complaint.  Aside from the sheer volume of these documents, Ruggiero's submissions are rambling, verbose, at times incoherent and, as enumerated above, include random extraneous material the purpose of which the Court is unable to discern.  As such, these pleadings do not comprise "a short and plain statement of the claim showing that the pleader is entitled to relief" and must be dismissed for failure to comply with Rule 8.  *See Prezzi v. Schelter*, 469 F.2d 691 (2d Cir. 1972) (affirming dismissal of 88-page, legal size, single spaced pro se complaint that contained a "labyrinthian prolixity of unrelated and vituperative charges that defied comprehension [and] failed to comply with the requirement of Rule 8," and affirming dismissal of shorter

8

amended complaint which was "equally prolix and for the most part incomprehensible."); *Salahuddin v. Cuomo*, 861 F.2d 40 (2d Cir. 1988) (affirming sua sponte dismissal of 15 page, 88 paragraph pro se complaint against 22 defendants and containing 23 causes of action for clear violation of Rule 8, but vacating the judgment and allowing entry of an order allowing Plaintiff to file amended complaint); *Rosa v. Goord*, 29 Fed. Appx. 735, 735 (2d Cir. Feb. 27, 2002) (affirming dismissal of prolix complaint and amended filings which "remained prolix and not susceptible of a responsive pleading") (internal citations omitted).

<u>Conclusion</u>

For the foregoing reasons, the Court denies Plaintiff's July 31, 2012 motion to amend the Amended Complaint, dismisses Plaintiff's complaint(s) without prejudice to refiling, and dismisses this action with leave to move to reopen together with an amended complaint that complies with Fed. R. Civ. P. 8.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: October 11, 2012

9